IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-287-FL

| | |
|---|---|
| MATTHEW FEEHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| GRAND CANYON UNIVERSITY; RMS, INC., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the pro se Plaintiff's motion to seal his application to proceed without prepayment of costs because it contains "highly sensitive information" the publication of which "may possibly bring unknown harm to Plaintiff." (Mot. Seal [DE #5] ¶ 2.) For the reasons set forth below, Plaintiff's motion to seal is denied.

Our courts recognize a public right to inspect and copy judicial records and documents, which "may be abrogated only in unusual circumstances." *Stone v. Univ. of Md.*, 855 F.2d 178, 182 (4th Cir. 1988). This is so because "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citing *Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First

Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone*, 855 F.2d at 180). Plaintiff's motion appears to implicate the common law right of access, which can be overcome only upon showing that "countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

Under this court's local rules, a motion to seal must be accompanied by a memorandum absent a statute, rule, or order requiring the filing be sealed. The memorandum must specify:

    (i) The exact document or item, or portions thereof, for which the filing under seal is requested;

    (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

    (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    (iv) The reasons why alternatives to sealing are inadequate; and

    (iv) Whether there is consent to the motion.

Local Civ. R. 79.2 (E.D.N.C. May 2023); CM/ECF Policy Manual § V.G.1(a). This information is needed to assist the court in determining whether "countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police*, 386 F.3d at 575.

Applications to proceed without prepayment of costs are generally matters of public record notwithstanding the applicant's inclusion of personal financial

information. As one court has noted, "[i]f every . . . litigant[ ] was entitled to file an IFP application under seal and *ex parte*, with no showing of particularized need, the public would be denied important transparency in the working of the judiciary, opposing parties would be deprived of the opportunity to raise objections, and the courts would lose a corresponding check on potential misstatements or omissions in IFP affidavits." *SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 127–28 (D.D.C. 2015).

Plaintiff's motion to seal is not accompanied by a memorandum, nor does it demonstrate a particularized need for sealing. Rather, Plaintiff makes a conclusory statement of potential harm and fails to overcome the presumption of public access. Accordingly, Plaintiff's motion to seal [DE #5] is DENIED.

Pursuant to Local Civil Rule 79.2(b)(3), the clerk is directed to maintain Plaintiff's proposed application to proceed without prepayment of costs under seal in order to preserve the record. The court will take no action on the application, and the clerk is directed to terminate the application in light of the denial of Plaintiff's motion to seal. **If Plaintiff desires to have the court consider his application to proceed without prepayment of fees, he must refile the application as a public document in conformity with Local Civil Rule 79.2(b)(3) no later than July 14, 2023. Alternatively, Plaintiff can pay the appropriate filing fee by July 14, 2023.**

This 27th day of June 2023.

---
KIMBERLY A. SWANK
United States Magistrate Judge