IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-287-FL

| | | |
|---|---|---|
| MATTHEW FEEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GRAND CANYON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss (DE 19) and plaintiff's motion for a preliminary injunction (DE 24). The motions have been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted, and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff began this debt collection practices suit by complaint filed March 21, 2023. Plaintiff, proceeding pro se, asserts two claims: one for violating the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), and one for violating the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 et seq. (the "NCDCA"). (See Compl. (DE 1) ¶¶ 45–62). Plaintiff seeks injunctive relief restraining defendant from collecting the debt at issue, declaratory relief that defendant violated the two statutes, statutory and punitive damages, and costs.

Plaintiff originally named Recovery Management Services, Inc. ("RMS") as a co-defendant, but voluntarily dismissed all claims against it September 19, 2023. (See Notice of

Voluntary Dismissal with Prejudice (DE 18)). Defendant filed the instant motion to dismiss for failure to state a claim on October 27, 2023, and plaintiff moved for a preliminary injunction November 14, 2023, wherein plaintiff protests defendant's continuing efforts to collect the debt at issue, and asks the court to stay "any further collection attempts . . . and to [restrain] [d]efendant GCU from continuing to threaten and harass [p]laintiff." (See Pl's Mot. Prelim. Inj. Stay Unlawful Debt Collection and Restrain Def. Further Harmful Threats (DE 24) 2).

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint are as follows. Sometime between August 19, 2022 and October, 2022, defendant and the U.S. Department of Veterans Affairs ("VA") allegedly had a dispute over defendant's regulatory compliance. (Compl. ¶ 4). This dispute caused the VA to withdraw a $2,700 "GI Bill payment" it had made to defendant on plaintiff's behalf, which then fell to plaintiff to pay (the "debt"). (See id. ¶¶ 4–6).

On January 7, 2023, in response to multiple written and verbal collection demands on the debt, plaintiff sent a letter to defendant's general counsel demanding an immediate halt to this allegedly unlawful debt collection. (Id. ¶ 9). Defendant allegedly ignored this letter, and handed the disputed balance to its internal collections team. (Id. ¶ 10). According to the complaint, defendant's collection agents "harassed" plaintiff by phone and email in February, 2023. (See id. ¶ 11).

On March 17, 2023 plaintiff received a call from an RMS debt collector, who threatened that RMS would "take away plaintiff's 'assets.'" (Id. ¶¶ 12–17). Plaintiff received a collections letter from RMS March 20, 2023. (Id. ¶¶ 42–43).

Defendant has continued to attempt to collect the debt, despite plaintiff's request that GCU cease communicating with him. (Id. ¶ 50). Further, defendant has "continually harass[ed]" plaintiff for the debt. (Id. ¶ 58).

## COURT'S DISCUSSION

A.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.    Analysis

Defendant argues that plaintiff's complaint must be dismissed because defendant is not a debt collector to which the FDCPA applies, and because his complaint alleges no activity by defendant that violates the NCDCA. The court agrees with each point.

1.    FDCPA

To prevail on a claim under the FDCPA, a plaintiff must sufficiently allege that the defendant is a "debt collector" as defined under the statute. Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 135 (4th Cir. 2016); Russell v. Absolute Collection Servs., Inc., 763 F.3d 385,

---

[1] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

389 (4th Cir. 2014). In pertinent part, a "debt collector" is a person who collects debts owed or due to another. 15 U.S.C. § 1692a(6). In contrast, a "creditor," the person to whom the debt is owed, is exempt from this definition, and therefore outside the statute, except when a creditor uses a name other than its own to collect. See id.; Henson, 817 F.3d at 135–36. The FDCPA thus generally does not regulate persons or entities who attempt to collect on their own debts. Henson, 817 F.3d at 134.

Plaintiff pleads that the debt here is owed to defendant. (See Compl. ¶ 6). Plaintiff's complaint further contains no allegations that defendant fits into the exception established by § 1692a(6). Instead, the complaint merely asserts that defendant is a debt collector. (Id. ¶¶ 32, 46). These "labels and conclusions" do not satisfy pleading standards, Iqbal, 556 U.S. at 678, and so this deficiency subjects the complaint to dismissal under Rule 12(b)(6).

Plaintiff's response brief attempts to remedy these deficiencies. First, plaintiff has attached numerous exhibits to his brief, but the court cannot consider these documents at this stage because they were not attached or integral to the complaint, and because defendant disputes their authenticity. See, e.g., Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013); Crispin v. BAC Home Loans Servicing, LP, No. 5:11-cv-375-FL, 2011 WL 6294319, at *3 (E.D.N.C. Dec. 15, 2011).

Second, plaintiff's response brief attempts to inject another entity into the case, "GCE, Inc.," which appears nowhere in the complaint. (See generally Pl's Mem. Supp. Resp. Def's Mot. Dismiss Pl's Compl. (DE 23) ("Pl's Resp.")). Plaintiff's complaint states that defendant took all the relevant actions, (see Compl. ¶¶ 6, 9–11), and introduces this new entity to the stage only in his briefing. But it is well-established that a complaint may not be amended by assertions in a brief in opposition to a motion to dismiss. See, e.g., S. Walk at Broadlands Homeowner's Ass'n,

4

Case 7:23-cv-00287-FL    Document 30    Filed 02/13/24    Page 4 of 7

Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184–85 (4th Cir. 2013); Mylan Lab'ys, Inc. v. Akzo, N.V., 770 F. Supp. 1053, 1068 (D. Md. 1991). The court therefore declines to consider these new allegations against an entity not named or even mentioned in the complaint.

Plaintiff further accuses GCU of various other misdeeds. (See Pl's Resp. 1–4, 11). The court cannot consider these allegations at this stage of the litigation, as discussed above, insofar as they rest on plaintiff's exhibits. And even if these additional allegations were properly before the court, they "seem interposed mainly to distract attention from what in reality is a straightforward . . . case." Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 626 (4th Cir. 2011). These additional allegations are not relevant to plaintiff's claims in this particular case.

In sum, plaintiff has not alleged facts giving rise to a plausible inference that defendant was acting as a debt collector, as the FDCPA defines that term. This deficiency subjects plaintiff's FDCPA claim to dismissal under Rule 12(b)(6). See Henson, 817 F.3d at 134.

2. NCDCA

The NCDCA prohibits debt collectors from engaging in unfair collection practices, such as using threats, harassment, or other unconscionable means. See N.C. Gen. Stat. § 75-52; Ross v. FDIC, 625 F.3d 808, 817 (4th Cir. 2010).[2] Plaintiff alleges that defendant harassed him in violation of this statute. (See Compl. ¶ 58).

The NCDCA defines harassment to include the following acts: 1) using profane or obscene language that would abuse an ordinary person; 2) placing collect calls unless the caller fully identifies himself; 3) calling with such unreasonable frequency as to constitute harassment; and 4) calling, contrary to the debtor's request, at his place of employment. See N.C. Gen. Stat. § 75-52

---

[2] The NCDCA defines "debt collector" differently from the FDCPA, and lacks that statute's collector/creditor distinction. See N.C. Gen. Stat. § 75-50(3). Defendant therefore does not make the same definitional argument on this claim, and the court resolves the issue on the nature of the harassment alleged in the complaint.

5

(emphasis added). Plaintiff alleges that defendant called him about the debt. (Compl. ¶ 11). The complaint contains no claim that defendant engaged in any act forbidden by the statute, but instead merely asserts summarily that defendant harassed him. (Id. ¶¶ 11, 58). As noted with reference to plaintiff's FCCPA claim, such conclusory allegations do not suffice. See Iqbal, 556 U.S. at 678.

Plaintiff does allege that defendant continued to contact him after he demanded it stop doing so. (Compl. ¶¶ 9–10; Pl's Resp. 10–12). However, the NCDCA forbids communicating with a debtor, contrary to the debtor's request, only if the creditor or collector calls the debtor's place of employment. N.C. Gen. Stat. § 75-52(4). Here, there is no allegation that defendant called plaintiff's place of employment. This argument therefore does not salvage plaintiff's claim, which remains subject to dismissal under Rule 12(b)(6).

3. Motion for a Preliminary Injunction

While briefing on defendant's motion to dismiss was ongoing, plaintiff moved separately for a preliminary injunction restraining defendant from attempting to collect the debt.[3] To obtain a preliminary injunction, a plaintiff must establish, among other requirements, that he is likely to succeed on the merits of his claim(s). Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Because the court has concluded above that plaintiff here cannot succeed on either of his claims, he also fails to satisfy the requirements for preliminary injunctive relief. See id. The court must deny plaintiff's motion.

---

[3] Plaintiff's motion is dated November 9, 2023, and was received and filed by the clerk of court November 14, 2023.

## CONCLUSION

For the forgoing reasons, plaintiff's motion for a preliminary injunction (DE 24) is DENIED, and defendant's motion to dismiss (DE 19) is GRANTED. Plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of February, 2024.

LOUISE W. FLANAGAN
United States District Judge